**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aventis Behring, LLC, et al., | No. CV12-00243 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Justin Dotson, an individual, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for leave to file a first amended complaint. Doc. 17. Defendants have responded, and Plaintiffs have replied. Docs. 24, 25. The Court will grant Plaintiffs' motion.[1]

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). While "this mandate is to be heeded," leave to amend may be denied if the amendment would be futile. *Foman*, 371 U.S. at 182. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

---

[1] The Court concludes that oral argument is not needed because the issues have been fully briefed. *See* Fed. R. Civ. P. 78(b).

Defendants argue that leave to amend should be denied because the documents produced by Plaintiffs in this case show that Plaintiffs possess no enforceable subrogation rights against Defendants. Specifically, Defendants argue that the Summary Plan Description relied on by Plaintiffs does not constitute an enforceable ERISA benefit plan. Doc. 24. The purpose of the proposed amendment, however, is to correct the names of the proper Plaintiffs and the nature of the specific documents upon which they rely. Doc. 17, Ex. B. The amended complaint does not add a new or different claim to this case that is futile in a way the original complaint is not. Thus, the issue raised by Defendants does not concern the proposed amendment, but the viability of Plaintiffs' claims under relevant ERISA law. The Court concludes that the amendment should be permitted and the parties should address, through the more complete summary judgment briefing provided in the Case Management Order (Doc. 23), Defendants' arguments about the validity of the plan documents and any other issues the parties raise as part of their Rule 56 arguments.

**IT IS ORDERED** that Plaintiffs' motion for leave to amend (Doc. 17) is **granted**.

Dated this 15th day of June, 2012.

David G. Campbell
United States District Judge